JUDGE GETTLEMAN
MAGISTRATE JUDGE ASHMAN
NF

Attorney No. 44209

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JACKIE BARTON, )
 )
      Plaintiff, )
 )
v. ) No. 2008L006682
 ) CALENDAR/ROOM F
CITY OF HARVEY, a municipal corporation, ) TIME 00:00
ERIC J. KELLOGG, Mayor, and City Council ) PI Stat Misc Action
members JULIUS PATTERSON, JOSEPH )
WHITTINGTON, DARYL CRUDUP, )
MICHAEL BOWENS, DONALD NESBIT )
and KEITH PRICE, )
 )
      Defendants. )

## COMPLAINT AT LAW

NOW COMES the plaintiff, JACKIE BARTON, by and through his attorney, MICHAEL J. KEDZIE of KEDZIE, MUIR & ASSOCIATES, LLC, and complaining of the defendants, CITY OF HARVEY, a municipal corporation, ERIC J. KELLOGG, Mayor, and City Council members JULIUS PATTERSON, JOSEPH WHITTINGTON, DARYL CRUDUP, MICHAEL BOWENS, DONALD NESBIT and KEITH PRICE, states as follows:

### COUNT I

1. At all relevant times, the plaintiff, JACKIE BARTON, was a citizen of the State of Illinois and was for a number of years prior to the events giving rise to this Complaint, employed by the CITY OF HARVEY ("CITY") as the superintendent of parking facilities.

2. At all relevant times, defendant, CITY OF HARVEY, was a municipal corporation, existing under and pursuant to the laws of the State of Illinois.

3. At all relevant times, ERIC J. KELLOGG, was mayor of the CITY OF HARVEY and JULIUS PATTERSON, JOSEPH WHITTINGTON, DARYL CRUDUP, MICHAEL BOWENS, DONALD NESBIT and KEITH PRICE, comprised the city council of the CITY OF HARVEY and as such each individually and as a group had authority to create and implement official policy on behalf of the city.

4. On or about June 22, 2007, the plaintiff was fired from his position with the City abruptly and without warning. At the time of his firing, the plaintiff was told that this decision came from the highest authority and that MAYOR KELLOGG had ordered Mr. Barton's firing. Plaintiff was told by certain city officials that the reason for his firing was because he had been seen at the campaign headquarters of the Mayor's rival during the previous election.

5 Plaintiff was lead to believe that his firing was in retaliation for expressing his first amendment rights to support a candidate different than the current administration and that this was his pay back.

6. Additionally, he was told to stop reporting discrepancies between the estimated cash receipts from the parking lots and the amount of money actually deposited in the bank by an individual placed in the position of collecting the receipts and making the deposits by MAYOR KELLOGG. It is believed that the mayor knew about the allegations made by Mr. Barton as he reported them to the city accountant who in turn reports to the mayor directly.

7. At all relevant times, the plaintiff performed his services diligently and was a dedicated and competent employee of the CITY OF HARVEY.

2

8. The Federal Civil Rights Act, 42 U.S.C. § 1983, *et seq* provides that "every person who, under color of state law ... subjects or causes to be subjected, any citizen of the United States to a deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in any action at law, suit in equity or other proper proceedings for address." 42 U.S.C. Section 1983.

9. The defendants, and each of them, discriminated against the plaintiff based upon the plaintiff's political support of and political speech and activities in support of MAYOR KELLOGG's rival in the Harvey mayoral election of 2007 in violation of the First Amendment to the United States Constitution. He was further discriminated against based on his attempt to bring to light possible illegal syphoning of City funds by public employees. The discrimination consisted of discharging the plaintiff from his position with the CITY OF HARVEY without proper cause.

10. Because of their official positions as the policy making authority for the CITY OF HARVEY, the defendants' actions amounted to an official policy of discrimination against the plaintiff on the part of the CITY OF HARVEY. At all relevant times, the defendants were each acting and are sued in their individual and official capacities as they were acting at all times under color of state law.

11. As a direct and proximate result of the defendants' wrongful actions and abridgement of the plaintiff's constitutional rights in violation of the above-stated statute, the plaintiff was injured and suffered severe financial, emotional and personal distress and damages and other pecuniary losses which are ongoing and may be expected to extend into the future.

WHEREFORE, the plaintiff, JACKIE BARTON, demands judgment against the defendants, CITY OF HARVEY, a municipal corporation, ERIC J. KELLOGG, Mayor, and City Council

3

members JULIUS PATTERSON, JOSEPH WHITTINGTON, DARYL CRUDUP, MICHAEL BOWENS, DONALD NESBIT and KEITH PRICE, jointly and severally, in an amount in excess of $500,000.00 in compensatory damages and $3,000,000.00 in punitive damages plus plaintiff's attorney's fees and costs pursuant to 42 U.S.C. §1988 and any other relief which may be available.

## COUNT II

1-10. Plaintiff repeats and realleges paragraphs 1-10 of Count I as paragraphs 1-10 of this Count II as though fully set forth herein.

11. Shortly before he was fired, the plaintiff began reporting the possibility of a misappropriation of funds by the mayor's handpicked person in charge of taking money from the lot cashiers and depositing same in the bank. Plaintiff reported to the city accountant that the bank receipts did not match the cash that was turned over to this individual and that the individual was not going directly to the bank with the cash.

12. The misappropriation of public funds is a matter of direct public concern and the reporting of such activity is a clearly mandated public policy.

13. The plaintiff was discharged from his position as a result of and in retaliation for his reporting on this suspicious activity concerning one of the Mayor's handpicked City employees. This constitutes a retaliatory discharge on the part of the City, Mayor and City Council and as a direct and proximate result thereof, the plaintiff was injured and suffered severe financial, emotional and personal distress and damages and other pecuniary losses which are ongoing and may be expected to extend into the future.

WHEREFORE, the plaintiff, JACKIE BARTON, demands judgment against the defendants, CITY OF HARVEY, a municipal corporation, ERIC J. KELLOGG, Mayor, and City Council members JULIUS PATTERSON, JOSEPH WHITTINGTON, DARYL CRUDUP, MICHAEL BOWENS, DONALD NESBIT and KEITH PRICE, jointly and severally, in an amount in excess of $500,000.00 in compensatory damages and $3,000,000.00 in punitive damages plus plaintiff's attorney's fees and costs pursuant to 42 U.S.C. §1988 and any other relief which may be available.

RESPECTFULLY SUBMITTED,

JACKIE BARTON

By: _____
One of his attorneys

Michael J. Kedzie
KEDZIE, MUIR & ASSOCIATES, LLC
Attorneys for Plaintiff
39 South LaSalle Street
Suite 915
Chicago, Illinois 60603
(312) 634-6900
Attorney No. 44209

5