**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JACKIE BARTON,** )  )   **Plaintiff,** ) ) v. ) ) **CITY OF HARVEY** a municipal ) Corporation, **ERIC KELLOGG,** Mayor, ) and City Council members **JULIUS** ) **PATTERSON, JOSEPH WHITTINGTON,** ) **DARYL CRUDUP, MICHAEL BOWENS,** ) **DONALD NESBIT** and **KEITH PRICE,** ) ) **Defendants.** ) | Case No.: 08-cv-4510   **JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES
TO COUNT I OF COMPLAINT AT LAW**

NOW COME the defendants, City of Harvey, Eric J. Kellogg, Julius Patterson, Joseph Whittington, Daryl Crudup, Michael Bowens, Donald Nesbit and Keith Price (in their individual capacities), by and through their attorneys, Clifford Kosoff, Julie Bruch, Jane May and Joshua Abern, and for their Answer to Count I of Plaintiff's Complaint, state as follows:

**COUNT I**

1.  At all relevant times, the plaintiff, Jackie Barton, was a citizen of the State of Illinois and was for a number of years prior to the events giving rise to this complaint, employed by the City of Harvey ("City") as the superintendent of parking facilities.

**ANSWER:** The defendants admit that plaintiff, JACKIE BARTON, was a citizen of the State of Illinois and was for a number of years employed by the City of Harvey. The defendants admit only that plaintiff was employed as "Metra General Foreman." The defendants deny any violation of plaintiff's constitutional rights giving rise to the complaint, and deny all remaining allegations.

2. At all relevant times, defendant City of Harvey, was a municipal corporation, existing under and pursuant to the laws of the State of Illinois.

**ANSWER:** The defendants admit the allegations contained in paragraph 2.

3. At all relevant times, Eric J. Kellogg, was mayor of the city of Harvey and Julius Patterson, Joseph Whittington, Daryl Crudup, Michael Bowens, Donald Nesbit and Keith Price, comprised the city council of the City of Harvey and as such each individually and as a group had authority to create and implement official policy on behalf of the city.

**ANSWER:** The defendants admit that at the time of plaintiff's employment termination, ERIC J. KELLOGG, was mayor of the CITY OF HARVEY and JULIUS PATTERSON, JOSEPH WHITTINGTON, DARYL CRUDUP, MICHAEL BOWENS, DONALD NESBIT and KEITH PRICE, comprised the city council of the CITY OF HARVEY, and that the city council had authority to create and implement official policy on behalf of the city. The defendants deny the remaining allegations.

4. On or about June 22, 2007, the plaintiff was fired from his position with the City abruptly and without warning. At the time of his firing, the plaintiff was told that this decision came from the highest authority and that Mayor Kellogg had ordered Mr. Barton's firing. Plaintiff was told by certain city officials that the reason for his firing was because he had been seen at the campaign headquarters of the Mayor's rival during the previous election.

**ANSWER:** The defendants admit that plaintiff was terminated on June 12, 2007 from his position with the City. The defendants are without knowledge sufficient to form a belief as to the truth of the allegations regarding what plaintiff claims to have been told. The remaining allegations are denied.

5. Plaintiff was lead to believe that his firing was in retaliation for expressing his first amendment rights to support a candidate different than the current administration and that this was his pay back.

**ANSWER:** The defendants are without knowledge sufficient to form a belief as to what plaintiff was "lead to believe." The defendants deny that plaintiff was fired in retaliation for expressing his first amendment rights to support a candidate different that the current administration and that this was his payback.

6. Additionally, he was told to stop reporting discrepancies between the estimated cash receipts from the parking lots and the amount of money actually deposited in the bank by an individual placed in the position of collecting the receipts and making the deposits by Mayor Kellogg. It is believed that the mayor knew about the allegations made by Mr. Barton as he reported them to the city accountant who in turn reports to the mayor directly.

**ANSWER:** The defendants have moved in a separate motion to strike the allegations contained in paragraph 6, and therefore, no answer is required.

7. At all relevant times, the plaintiff performed his services diligently and was dedicated and competent employee of the City of Harvey.

**ANSWER:** The defendants deny the allegations in paragraph 7.

8. The Federal Civil rights Act, 42 U.S.C. § 1983, *et seq.* provides that "every person who, under color of state law…subjects or causes to be subjected, any citizen of the United States to a deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in any action at law, suit in equity or other proper proceedings for address." 42 U.S.C. Section 1983.

**ANSWER:** The defendants admit the allegations in paragraph 8.

3

9. The defendants, and each of them, discriminated against the plaintiff based upon the plaintiff's political support of and political speech and activities in support of Mayor Kellogg's rival in the Harvey mayoral election of 2007 in violation of the First Amendment to the United States Constitution. He was further discriminated against based on his attempt to bring to light possible illegal syphoning of City Funds by public employees. The discrimination consisted of discharging the plaintiff from his position with the City of Harvey without proper cause.

**ANSWER:** The defendants have moved to strike the second sentence of paragraph 9, and therefore, no answer to this portion of paragraph 9 is required. They deny the remaining allegations contained in paragraph 9.

10. Because of their official positions as the policy making authority for the City of Harvey, the defendants' actions amounted to an official policy of discrimination against the plaintiff on the part of the City of Harvey. At all relevant times, the defendants were each acting and are sued in their individual and official capacities as they were acting at all times under color of state law.

**ANSWER:** The defendants admit only that the City Council is the policymaking authority for the City of Harvey. The defendants admit that plaintiff purports to sue them in their official and individual capacities, but have moved to strike the official capacity claims. As plaintiff does not allege specific acts for which defendants are alleged to have acted in their official or individual capacities, or specific acts alleged to have been under color of state law, the defendants are without knowledge sufficient to form a belief as to the truth of these allegations. The defendants deny any actions amounting to an official policy of discrimination against the plaintiff on the part of the City of Harvey, and deny all remaining allegations.

4

11. As a direct and proximate result of the defendants' wrongful actions and abridgement of the plaintiff's constitutional rights in violation of the above-stated statute, the plaintiff was injured and suffered severe financial, emotional and personal distress and damages and other pecuniary losses which are ongoing and may be expected to extend into the future.

**ANSWER:** The defendants deny the allegations set forth in paragraph 11.

WHEREFORE, the defendants deny that plaintiff is entitled to any recovery whatsoever, and have specifically moved to strike paragraph 6, a portion of paragraph 9, the claims against the individual defendants in their official capacities, and the punitive damage claim against the City.

## COUNT II

Defendants make no response to the allegations contained in this count as defendants have filed a separate motion to dismiss Count II.

## AFFIRMATIVE DEFENSES TO COUNT I

### Affirmative Defense #1

Defendants, Eric J. Kellogg, Julius Patterson, Joseph Whittington, Daryl Crudup, Michael Bowens, Donald Nesbit and Keith Price, by their attorneys, Clifford Kosoff, Julie Bruch, Jane May and Joshua Abern, for their affirmative defense to Count I, state as follows:

1. The individually named defendants are entitled to qualified immunity for the allegations set forth in Count I of the complaint because the defendants' conduct did not violate any clearly established constitutional right of the plaintiff.

WHEREFORE, the individually named defendants respectfully request that Count I of plaintiff's complaint be dismissed and judgment be entered in their favor and against the plaintiff.

5

**Affirmative Defense #2**

Defendants, Eric J. Kellogg, Julius Patterson, Joseph Whittington, Daryl Crudup, Michael Bowens, Donald Nesbit and Keith Price, by their attorneys, Clifford Kosoff, Julie Bruch, Jane May and Joshua Abern, for their affirmative defense to Count I, state as follows:

1. The individually named defendants are entitled to absolute legislative immunity for the allegations set forth in Count I of the complaint because plaintiff's position was eliminated due to budget cut-backs.

WHEREFORE, the individually named defendants respectfully request that Count I of plaintiff's complaint be dismissed and judgment be entered in their favor and against the plaintiff.

**Affirmative Defense #3**

Defendants, City of Harvey, Eric J. Kellogg, Julius Patterson, Joseph Whittington, Daryl Crudup, Michael Bowens, Donald Nesbit and Keith Price, by their attorneys, Clifford Kosoff, Julie Bruch, Jane May and Joshua Abern, for their affirmative defense to Count I, state as follows:

1. Defendants are entitled to judgment in their favor on Count I of plaintiff's complaint because they would have taken the same action against plaintiff regardless of his alleged conduct or speech.

WHEREFORE, the defendants respectfully request that Count I of plaintiff's complaint be dismissed, and judgment be entered in favor of the defendants, and against plaintiff.

**Affirmative Defense #4**

Defendants, City of Harvey, Eric J. Kellogg, Julius Patterson, Joseph Whittington, Daryl Crudup, Michael Bowens, Donald Nesbit and Keith Price, by their attorneys, Clifford Kosoff,

6

Julie Bruch, Jane May and Joshua Abern, for their affirmative defense to Count I, state as follows:

1. Plaintiff's interest in the alleged speech and/or conduct is outweighed by the defendants' interest in the effective and efficient provision of governmental services.

WHEREFORE, the defendants respectfully request that Count I of plaintiff's complaint be dismissed, and judgment be entered in favor of the defendants, and against plaintiff.

        City of Harvey, Eric Kellogg, Julius Patterson, Joseph Whittington, Daryl Crudup, Michael Bowens, Donald Nesbit and Keith Price

By: s/Jane M. May
Jane M. May, # 6207760
O§Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: 847/291-0200
Fax: 847/291-9230
E-mail: jmay@okgc.com

7

## IN UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE BARTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 08-cv-4510 |
| | ) | |
| CITY OF HARVEY, a municipal corporation, | ) | Judge Gettleman |
| ERIC J. KELLOGG, Mayor, and City Council | ) | |
| Members JULIUS PATTERSON, JOSEPH | ) | Magistrate Judge Ashman |
| WHITTINGTON, DARYL CRUDUP, MICHAEL | ) | |
| BOWENS, DONALD NESBIT and KEITH PRICE, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2008, I electronically filed Defendants' Answer to Complaint at Law with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Kedzie
m.kedzie@yahoo.com


City of Harvey, Eric Kellogg, Julius Patterson, Joseph Whittington, Daryl Crudup, Michael Bowens, Donald Nesbit and Keith Price

By: s/Jane M. May
Jane M. May, # 6207760
O§Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: 847/291-0200
Fax: 847/291-9230
E-mail: jmay@okgc.com